**E-FILED on  4/7/10**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-09-0058 RMW |
| Plaintiff, | |
| v. | ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL FOR LACK OF VENUE |
| RAFIC LABBOUN, | |
| Defendant. | |

Defendant made a timely motion for judgment of acquittal on the basis that venue does not exist in the Northern District of California for the seven counts of bank fraud charged against him in the Indictment. The court reserved decision on the motion and now renders its decision. The motion is denied.

Section 3237(a) of Title 18 of the United States provides that "any offense against the United States . . . committed in more than one district, may be prosecuted in any district in which such offense was begun, continued, or completed. "[W]here a crime consists of distinct parts which have different localities the whole may be tried where any part can be proved to have been done." *United States v. Rodriguez-Moreno*, 526 U.S. 275, 282 (1999) quoting *United States v. Lombardo*, 241 U.S. 73 (1916). Here, the crime was bank fraud. Defendant contends that since he was not living in the district at the time of the offenses, his account in the district on which the bad checks were drawn

1  was closed at the time the checks were drawn and used and the defrauded banks received the bad
2  checks outside the district, there is no basis for venue in the district.
3        Defendant's contention has no merit. The fraud involved the use of bad checks drawn on an
4  account in the district to pay on credit card accounts which had been opened by defendant in the
5  district and which were still being billed to defendant at an address in the district at the time bad
6  checks were posted by the banks and at the time the fraudulent charges were made to defendant's
7  credit card accounts.  Clearly, distinct parts of the implementation of defendant's fraudulent scheme
8  took place in the district and the crimes had a definite nexus to the district. Venue is proper here.

10  DATED:   4/7/10

*/s/ Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge